**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS BENITEZ and JUAN REYES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 08 CV 1998** |
| **v.** | ) | |
| | ) | |
| **AMERICAN STANDARD CIRCUITS, INC.,** | ) | |
| **and VIJAY PATEL,** | ) | |
| | ) | **Judge David H. Coar** |
| | ) | |
| | ) | **Mag. Judge Michael T. Mason** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant American Standard Circuits, Inc.'s ("ASC" or
"Defendant") Motion to Compel Discovery [115].  Specifically, Defendant requests that
this Court compel Plaintiffs Jose Luis Benitez and Juan Reyes ("Plaintiffs") to fully
respond to Request Numbers 1, 2, 3, and 5 of Defendant's Second Request for
Production of Documents.  This matter was referred to this Court by Judge Coar in
accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.  For the following
reasons, this Court denies ASC's Motion to Compel Discovery [115].

**I.    BACKGROUND FACTS**

Plaintiffs, former employees of ASC, claim that a manager for ASC sexually
harassed them and other male employees during the course of their employment at
ASC.  According to the Complaint, Plaintiff Reyes filed a police report regarding the
harassment and Plaintiff Benitez complained to his supervisor. [1-23] Allegedly, shortly
after complaining, both Plaintiffs were fired from ASC. *Id.*  Plaintiffs filed this action

against ASC for retaliatory discharge. Plaintiffs allege Illinois common law causes of action of assault, battery, intentional infliction of emotional distress, false imprisonment, and sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq. Id.*

On July 29, 2009, Defendant issued its Second Set of Interrogatories and Second Request for Production of Documents to Plaintiffs. Exs. A – D to Defendant's Memorandum of Law in support of its Motion to Compel ("Memorandum"). On August 31, 2009, Plaintiffs each responded to these requests. Memorandum, Ex. F and H. Defendant argues that certain responses are deficient. Specifically, Defendant requests that this Court order Plaintiffs to more fully respond to request numbers 1, 2, 3, and 5 of Defendant's Second Request for Production of Documents (the "Subject Requests") so that it can discover the true identity of Plaintiffs. The Subject Requests issued to Plaintiff Benitez are as follows (parallel requests were issued to Plaintiff Reyes):

> Request No. 1. All documents and recorded communications regarding or relating to your identity as Jose Luis Benitez.
>
> Request No. 2. All documents and recorded communications regarding your birth name, including but not limited to your birth certificate (pursuant to Judge Mason's Order, dated March 3, 2009, you may redact information regarding your birth place).
>
> Request No. 3[1]. All documents and recorded communications regarding or relating to your identity as Victor Ramos.
>
> Request No. 5. Any and all documents not produced above relating to your legal identity.

---

[1] Request No. 3 of Defendant's Second Request for Production of Documents issued to Plaintiff Reyes states: "All documents and recorded communications regarding or relating to your identity as Juan Ramos [sic] Roman."

Plaintiffs object to the Subject Requests as "overly broad, unduly burdensome, harassing, and oppressive...seeks information that is irrelevant to this lawsuit...seeks documents and information covered under the protective order entered by Judge Mason on March 3, 2009." Memorandum, Ex. F and H.

Plaintiffs' objection is predicated in part on this Court's March 3, 2009 ruling on Plaintiffs' motion for an expedited protective order [59], which sought to preclude Defendant from all discovery relating to Plaintiffs' and other witnesses' immigration status. Plaintiffs also sought to preclude Defendant from discovering Plaintiffs' tax returns, W-2, W-4, and 1099 forms. In our ruling, we precluded Defendants from all discovery relating to Plaintiffs' and other witnesses' immigration status. [78] We also found that Defendants may not discover Plaintiffs' social security numbers, drivers' license numbers and places of birth, but allowed Defendants to inquire into each individual Plaintiffs' use of an alias or false name, falsification of identity, date of birth, and current and past addresses. *Id.* In addition, we granted Plaintiffs' request to preclude discovery of the individual plaintiffs' tax returns and related tax forms. *Id.*

## II.    LEGAL STANDARDS

The Federal Rules of Civil Procedure allow broad discovery. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) states that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... [and is of] discoverable matter." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F.Supp.2d 934, 945 (N.D.Ill. 2006) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The

information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if relevant, discovery will not be allowed if the requesting party fails to show the need for the information, or if compliance with a request is unduly burdensome or oppressive, or where the harm of disclosure outweighs the need for the information. Fed. R. Civ. P. 26(b)(2)(c).

A party may seek discovery of any document "in the responding party's possession, custody, or control," that is within the scope of Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 34(a). "The burden of proving that the sought after information is not discoverable is generally on the party resisting discovery." *Martinez v. Village of Mount Prospect, et al.*, 1997 U.S. Dist. Lexis 18763. *5 (N.D. Ill. Nov. 14, 1997)(citations omitted).

Federal Rule of Civil Procedure 10(a) requires that the names of the parties be disclosed in the complaint. *See Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). Federal Rule of Civil Procedure 11 discusses that all court filings must be true to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. In addition, Rule 26(a)(1)(A) and (e)(1) require the disclosure of the true name of a party.

III.    ANALYSIS

Defendant argues that "the history of this lawsuit reveals an ongoing scheme to defraud, in an effort to conceal the actual identity of the Plaintiffs." Memorandum, p. 4.

In its motion, ASC states that it has reason to believe that Plaintiffs may be litigating this case under false names.  To support its position, Defendant points out that both Plaintiffs disclosed, late in discovery, that they have been known by names other than those in the Complaint.  Defendant adds that the Subject Requests "go to Plaintiffs' standing to bring a cause of action before this Court because case law establishes that filing a case under a false name may warrant dismissal."  Memorandum, p. 4. Defendant argues that, through the Subject Requests, it is inquiring into each individual plaintiffs' use of an alias or false name, falsification of identity and birth date within the restrictions set forth in this Court's March 3, 2009 Order.

Defendant contends that the Subject Requests may lead to the discovery of admissible evidence about: 1) Plaintiffs' lack of standing to pursue their claims against ASC; 2) Plaintiffs' falsification of their identities; 3) Plaintiffs' credibility by showing Plaintiffs provided false names and/or other false information to ASC, the EEOC and/or this Court; 4) the allegations of Plaintiffs' First Amended Complaint; 5) Plaintiffs' alleged damages and Plaintiffs' failure to mitigate their alleged damages; and 6) possible affirmative defenses to Plaintiffs' claims, including but not limited to, after acquired evidence and/or possible omissions or inconsistent false statements.  Memorandum, p. 4.

Plaintiffs request that this Court deny Defendant's request to compel documents because the Subject Requests are overly broad, not relevant to this litigation and seek information already provided to Defendant regarding Plaintiffs' use of aliases.  Plaintiffs' Response Brief ("Response"), p. 6-9.  In addition, Plaintiffs argue that Defendant has no legitimate basis to question Plaintiffs Benitez and Reyes' identity or their honesty in this

5

matter.  Response, p. 1.  Plaintiffs claim that they have not falsified who they are to this Court and explain, in their response brief, that they were born Jose Louis Benitez and Juan Reyes, worked for Defendant as Jose Louis Benitez and Juan Reyes and sued Defendant as Jose Louis Benitez and Juan Reyes.

Defendant presents different arguments for why each individual Plaintiff should more fully answer the Subject Requests.  We consider the arguments regarding each Plaintiff separately.

### A.      Plaintiff Jose Luis Benitez

Defendant argues that Plaintiff Benitez' inconsistent answers, failure to provide complete answers when questioned, and evasive answers regarding his identity during his deposition undermine his credibility and evidence a disregard for the Federal Rules of Civil Procedure including Rules 10 and 11 regarding the identity of parties.

Plaintiff Benitez filed this action under the name Jose Luis Benitez.  When asked during his December 23, 2008 deposition[2], while under oath, "Can you state your full name?"  Plaintiff Benitez stated "Jose Luis Benitez."  When asked if he has always gone by the name Jose Luis Benitez, Plaintiff Benitez answered "yes."  When asked during his deposition, "Have you ever been known by any other names?"  Benitez answered "no."  When asked, "Have you ever been employed by any other name?"  Benitez answered, "No, I haven't been working with any other name."  Benitez further testified, "Right now, I haven't been known by any other names."  Plaintiff later stated that he "worked with another name" in a job he held after his employment with ASC, but refused

---

[2] Relevant portions of the transcript of Plaintiff Benitez' deposition are Exhibit K to Defendant's Memorandum and Exhibit A to Plaintiffs' Response.

to provide the other name he used.  Plaintiff Benitez later explained that he "could not

answer" the question "have you ever used another name?"  He stated that he could not

answer the question "because I'm working, but I can't give you the address of the

company.  Because the company – from that company, my family depends, that's what

my family needs and that's what I take for my family."  In his Response to the Motion to

Compel, Plaintiff contends that he did not supply detailed information regarding his use

of another name at his current employment during his deposition because he was afraid

ASC would "jeopardize his current employment." Response, p. 2.  Plaintiff Benitez later

disclosed in his answers to the Second Set of Interrogatories that he has worked under

the name Victor Ramos.  In addition, Plaintiff Benitez supplemented his discovery

responses to produce three identification cards he has used containing his alias name

of Victor Ramos.

In further support of its argument that Plaintiffs "engaged in an ongoing scheme

to intentionally mislead Defendant," Defendant argues that Benitez has used his alias,

Victor Ramos, in another court proceeding.  Memorandum, p. 7-9.  However, Defendant

does not demonstrate that Benitez's use of an alias bears on any of the issues in this

case or how it has harmed Defendant.  Defendant attempts to rely on documents from

Benitez' unrelated child support action, including garnishment forms, to evidence

Benitez' "flagrant disregard of the Federal Rules of Civil Procedure."  Memorandum, p.

9.  We reviewed these documents and do not find that they demonstrate that Benitez

has filed court proceedings under a false name.  In the child support case, Plaintiff was

named as "Jose L. Benitez."  Response, Ex. B.  While the name "Victor Ramos"

appears on the garnishment document, plaintiff signed the document as "Jose L.

Benitez."  As discussed above, Plaintiff Benitez admitted to using an alias in his current

employment.  Response, Ex. A.  Therefore, it is in line with Benitez's position that his

alias, Victor Ramos, is listed in the compensation documents.  Memorandum, Ex. L.

Defendant's argument regarding Benitez' use of an alias in court proceedings is

not comparable with the case law it cites.  In those cases, dismissal was considered

when a party deliberately filed a case under a false name.  In both *Dotson,* 321 F.3d

663 and *Zorcaras v. Carto*, 465 F.3d 479 (11th Cir. 2006), the plaintiffs filed excessive

force complaints against police officers using false names in order to hide past conduct

that would affect their case.  The analogy between the case before us and *Dotson* and

*Zocaras* breaks down because Benitez has admitted to using an alias and because

Defendant has not shown sufficient cause to suspect Benitez has filed this court

proceeding under a false name.

Defendant also claims that Plaintiff Benitez was evasive because he did not

disclose his nickname "Cochito" earlier during the discovery phase of this case.  When

asked at his deposition, "Have you ever been known by a nickname?"  Plaintiff Benitez

answered "no."  However, after his deposition, in response to Defendant's Second Set

of Interrogatories, Plaintiff Benitez stated, "[W]hile employed for Defendant American

Standard Circuits, Inc., some of Plaintiff's co-workers called him by the nickname

'Cocho' or 'Cochito.'" Memorandum, Ex. E.  In his Response to the Motion to Compel,

Plaintiff Benitez explained that he "forgot that a couple of employees at American

Standard Circuits coined the nickname 'Cocho' or 'Cochito' for him years earlier."

Response, p. 10.

Next, Defendant argues that there is evidence of Plaintiff Benitez' dishonesty in

this case because he did not disclose the traffic citations he received for driving without a license when asked if he had ever been convicted of a crime or arrested for a crime involving dishonesty.  Plaintiff Benitez contends that this information was not disclosed because he did not consider driving without a license to be "equivalent [to] being convicted of a crime involving dishonesty."  Response, p. 11.

Finally, Defendant argues that Plaintiff Benitez used a third name, which he did not originally reveal, to deceive ASC and hinder it in its defense of this case.  In response to Defendant's Second Set of Interrogatories verified by Benitez on August 19, 2009, Plaintiff Benitez responded  "Jose Luis Benitez Leon" when asked "What is your name?"  Defendant complains that this is the first time that Plaintiff Benitez informed Defendant of this name.  In response, Plaintiff Benitez states that this is not a different name because there is a difference in the usage of family names between American and Mexican cultures.  Response, p. 3-4 and Ex. G.  Benitez explains that in American culture, persons typically use one family name, which is referred to as the "last" name.  In Mexican culture, the patriarchal family name is often used first and the matriarchal name second, resulting in two surnames.  In America, persons of Mexican decent commonly utilize only their paternal surname.  Plaintiff Benitez explains that "Leon" is his maternal surname and that he does not use it to identify himself in the United States. *Id.*


### B.    Plaintiff Juan Reyes

ASC agues that Plaintiff Reyes also fraudulently concealed his identity in an ongoing scheme to mislead Defendant.  Plaintiff Reyes filed this action under the name

9

Juan Reyes. During his deposition[3] taken on December 22, 2008, Plaintiff Reyes answered "Juan Reyes" when asked "What name were you given at birth?" He also testified that he has never been employed under another name and has never changed his name. In support of its position, Defendant states that it has "uncovered that at one time Plaintiff Reyes may have gone by the name Juan Roman." Memorandum, p. 12. In his response to Defendant's Second Set of Interrogatories, Plaintiff Reyes admitted that his name is Juan Reyes Roman. Plaintiff Reyes attached his affidavit to his response to the Motion to Compel explaining that his full name in the Mexican culture is Juan Reyes Roman. Ex. F. However, as set forth above with regards to Benitez, Reyes does not use "Roman," his maternal surname, for identification purposes in the United States. *Id.*

In addition to requesting that this Court compel Reyes to more fully answer the Subject Requests, Defendant also seeks to compel Reyes to answer Interrogatory No. 5 from Defendant's Second Set of Interrogatories. Interrogatory No. 5 is: "State any names that you have used in any arrests; convictions; or judicial proceedings, including but not limited to judicial proceedings in which you were a named party." Since the motion was filed, Plaintiff Reyes supplemented his written discovery answers by signing a verified statement setting forth that he has never had an alias. Response, p. 3 and Ex. E. Therefore, we do not need to rule on this issue.

As for the Subject Requests, we find them burdensome and harassing; the information requested is overly broad and not relevant under Rule 26. Defendant has

_____

[3] Relevant portions of the transcript of Plaintiff Reyes' deposition are Exhibit N to Defendant's Memorandum and Exhibit D to Plaintiffs' Response.

not shown that the Subject Requests bear on any issue that is or may be in this case.

Plaintiffs have been identified as former employees of ASC, a fact that Defendant does

not question.  Instead, Defendant argues that Plaintiffs have disregarded the Federal

Rules of Civil Procedure by filing documents in Court under false names.  This

contention is unsupported.  Defendant presents no information to support its position

that Plaintiffs Reyes or Benitez filed this cause of action under false names.  Moreover,

Defendant does not provide any supported arguments that Plaintiff Reyes has ever

used a false identification or an alias.  That Reyes provided his traditional Mexican full

name, which he does not use in the U.S., after Defendant started questioning him on

false names and aliases, demonstrates that he is attempting to comply with rules of

discovery by being over-inclusive.  Plaintiff Benitez, though not initially, has also been

forthcoming with information regarding his name and alias.

We also reject Defendant's argument that the Subject Requests should be

responded to more fully based on the Seventh Circuit decision in *Dotson v. Bravo*, 321

F.3d 663 (7th Cir. 2003).  In *Dotson,* the plaintiff sued various police officers and the

City of Chicago for malicious prosecution arising out of his arrest and prosecution

following a confrontation with police. *Dotson*, 321 F.3d at 666.  As more fully explained

in the District Court decision, during the course of discovery, the defendants discovered

that the plaintiff had filed the action under the fictitious name "Shaunte Dotson." *Dotson*

*v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001).  This name was not a "true alias" because,

other than the lawsuit, the plaintiff had never been known as "Shaunte Doston." *Id.* at

562.  The plaintiff had volunteered the fictitious name at the time of his original arrest in

order to conceal his criminal record under his true name. *Id.* at 562-63.  Thus, the

plaintiff's use of the fictitious name gave him several advantages – for example, denying prosecutors information concerning his criminal history. *Id*. at 563.

The plaintiff continued to use the fictitious name "Shaunte Dotson" in his civil action against various police officers and the City of Chicago. He gave the fictitious name in response to the defendants' interrogatories and failed to produce documents noting his true identity. *Dotson*, 202 F.R.D. at 566. Even after the court granted the defendants' motion to compel, the plaintiff offered discovery responses that were less than completely forthcoming. Confronted with the extensive record of deception and obfuscation in *Dotson*, the court granted the defendants' motion to dismiss the plaintiff's action. Magistrate Judge Rosemond determined that the plaintiff "deliberately planned and carefully executed a scheme to deceive state law enforcement and the state judicial machinery, and that he continued the deceit through lies, misrepresentation, and non-disclosure in federal court." *Dotson*, 202 F.R.D. at 570. Further, Magistrate Judge Rosemond concluded that the plaintiff's conduct "interfered with and obstructed the judicial process a process which clearly includes a party's right to full, complete and truthful discovery." *Id.* at 573 (internal quotations omitted). Noting that the court's inherent power to dismiss an action is essential to a trial court's ability to manage its caseload and protect the interests of litigants, Magistrate Judge Rosemond held that dismissal was warranted in light of the plaintiff's perjury and fraud. *Id*. at 576.

As explained in detail in *Rodriguez v. City of Highland Park, Dotson* is an extreme case. 2002 US Dist. Lexis 22232, * 7-12 (N.D. Ill. Nov. 15, 2002). Those facts are not present here and *Dotson* is not applicable to this case. Plaintiffs Benitez and Reyes never used fictitious names and have been forthcoming with different versions of

their names and Benitez' alias.  Therefore, Defendant's reliance on *Dotson* is not convincing.  Defendant has received the information needed regarding the identities and names of Plaintiffs Benitez and Reyes.  Therefore, its request to compel additional information regarding their identities through the Subject Requests is denied.

## C.    Fees

Defendant requests an order awarding it reasonable attorneys' fees and costs incurred in asserting this motion.  Defendant argues that Benitez' "deceit has hindered and impeded the orderly and speedy progression of this case by diverting its attention from the primary mission of defending itself on the merits and encouraging it to devote considerable time and energy pursuing collateral credibility issues regarding Benitez." Memorandum, p. 10.  Plaintiffs also request fees and costs incurred in connection with ASC's motion under Federal Rule of Civil Procedure 37(a)(5)(B).  Both fee requests are denied.

## IV.    CONCLUSION

For the reasons stated above, defendants' motion is denied.

**ENTERED:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:** November 23, 2009